**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JARMANJIT SINGH,

Petitioner,

v.

TODD LYONS, et al.,

Respondents.

Case No. 5:26-cv-01825-JLS-PVC

**ORDER ACCEPTING IN SUBSTANTIAL PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Doc. 1), all the records and files herein, the Report and Recommendation of the United States Magistrate Judge (Report and Recommendation, Doc. 18), Petitioner's Objections to the R. & R. (Objections, Doc. 19), and Respondents' Reply to Petitioner's Objections (Reply to Objections, Doc. 20). After having made a *de novo* determination of the portions of the Report and Recommendation to which the objections were directed, the Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge insofar as they address and reject Petitioner's argument that "the government failed to meet its constitutionally mandated burden of proof and the IJ failed to conduct the required individualized analysis" during Petitioner's bond hearing. (Reply at 2, Doc. 11.) However, Petitioner did not argue that receiving a hearing only after he was detained was

itself a due process violation, and the Court does not adopt the findings and conclusions of the Magistrate Judge related to the constitutional sufficiency of post-detention process.[1] Nonetheless, because the Court accepts the findings of the Magistrate Judge regarding the government's burden of proof at the bond hearing, and the individualized analysis conducted at the bond hearing, IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED and Judgment be entered in favor of Respondents.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on counsel for Petitioner and on counsel for Respondent.

DATED: October 8, 2026

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[1] For example, the Court does not accept or adopt the following conclusion:

> Although Petitioner had a private interest in remaining out of custody, the risk of erroneous deprivation is low because Petitioner has been afforded a [post-detention] bond hearing before a neutral immigration judge—more process than in other cases in which courts have granted relief.

(Report and Recommendation at 4.)